**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br>vs.<br><br>Gary Douglas Abel,<br><br>                Defendant. | No. CR-16-00273-01-PHX-SPL<br><br>**ORDER** |

       The Court has received Defendant Gary Abel's ("Defendant") Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. 50) and has confirmed that the Government will not be filing a Response. The Motion is ripe for review.

**I.    BACKGROUND**

       On November 6, 2020, Defendant filed a "Motion to Reduce Sentence or for Early Release – First Step Act (COVID)" (Doc. 42). Four days later, the Federal Public Defender filed a Motion for Appointment of Counsel Under General Order 20-28 (Doc. 43). This Court granted the Motion for Appointment of Counsel (Doc. 44). On January 11, 2021, Appointed Counsel filed a Notice (Doc. 48) indicating that no amended motion for sentence reduction would be filed. On January 28, 2021, this Court denied Defendant's Motion to Reduce Sentence, reasoning that compassionate release under § 3582(c)(1)(A) "[was] not warranted, given the nature of Defendant Abel's offense and the medical conditions of which he complains." (Doc. 49 at 1).

///

On March 10, 2022, Defendant filed the motion presently before this Court—a *second* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). Defendant requests compassionate release for three reasons: (i) to care for his elderly mother; (ii) "medical indifference"; and (iii) "intentional indifference." (Docs. 50 at 5 & 50-1 at 2, 8–9, 13). Defendant also attaches his own medical records, implying that his own medical condition further justifies relief. With respect to this second motion, the Federal Public Defender filed a Notice (Doc. 51) indicating that it saw "no basis for appointment of counsel" because Defendant failed to explain how his medical conditions have changed since this Court's denial of Defendant's first motion and because caring for one's parent is not an "extraordinary and compelling" reason for release. (Doc. 51 at 3).

## II.     LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c) provides an exception—commonly referred to as "compassionate release"—allowing the Court to reduce a sentence based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1). Originally, only the Director of the Bureau of Prisons could move for compassionate release under § 3582(c). The First Step Act of 2018 changed this, allowing for individual defendants to move for compassionate release themselves. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

To grant a motion for compassionate release under § 3582(c)(1), the Court must first find that Defendant has exhausted all administrative remedies. The Court may then reduce the term of imprisonment if it finds that "extraordinary and compelling reasons" exist to support the reduction. § 3582(c)(1)(A)(i). In addition, the Court must consider the applicable sentencing factors in 18 U.S.C. § 3553(a) and any applicable policy statements from the Sentencing Commission. § 3582(c)(1)(A).

Section 3582(c) does not define "extraordinary and compelling reasons." In a policy statement—U.S.S.G. § 1B1.13—the Sentencing Commission "has identified four categories that may qualify: serious medical conditions, advanced age, family

circumstances, and a catch-all 'other reasons.'" *United States v. Prigge*, 2021 WL 3550207, No. CR-13-01363-001-PHX-GMS, at *1 (D. Ariz. Aug. 11, 2021) (quoting U.S.S.G. § 1B1.13, application note 1(A)–(D)).[1] The policy statement also provides that compassionate release is not appropriate unless "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). In determining whether Defendant has shown extraordinary and compelling reasons to justify compassionate release, this Court looks to § 1B1.13 "only to inform its discretion, and not as binding authority." *Prigge*, 2021 WL 3550207, at *1, n.1.

### III.  DISCUSSION

Having carefully considered the Motion and the facts of this case, the Court finds that Defendant Gary Abel has not demonstrated "extraordinary and compelling reasons" to warrant a sentence reduction pursuant to § 3582(c)(1)(A). Defendant fails to show how his medical condition has changed since this Court previously rejected Defendant's medical condition as a reason that would justify compassionate release. (*See* Doc. 49 at 1). The Court further does not find that caring for one's parent, or any alleged "medical indifference" or "intentional indifference," to be extraordinary and compelling reasons to warrant relief under the statute. *See, e.g.*, *United States v. Graf*, No. 4:18-cr-00141-DCN-1, 2022 WL 425057, at *4 (D. Idaho Feb. 10, 2022) (rejecting argument that caring for one's elderly parent constitutes "extraordinary and compelling" reason for release and listing cases holding similarly).[2] Given the nature of Defendant's offense and his failure to

---

[1] "Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants." *Prigge*, 2021 WL 3550207, at *1, n.1; *see also Aruda*, 993 F.3d at 797 (holding the policy statement, U.S.S.G. § 1B1.13, is only persuasive, not binding, as to what constitutes "extraordinary and compelling" reasons on a defendant-filed compassionate release motion).

[2] Application Note (1)(C) of U.S.S.G. § 1B1.13 indicates that "family circumstances" may sometimes constitute "extraordinary and compelling reasons." However, the commentary further specifies that "family circumstances" refers to two

establish "extraordinary and compelling" reasons for relief, this Court finds that compassionate release under § 3582(c)(1)(A) is not warranted.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. 50) is **denied**.

Dated this 21st day of April, 2022.

Honorable Steven P. Logan
United States District Judge

---

specific scenarios, neither of which relate to caring for an elderly parent: (i) "the death or incapacitation of the caregiver of the defendant's minor child or minor children" and (ii) "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, application note 1(A)–(D).